{¶ 28} I respectfully dissent from the majority. Assuming, arguendo, the informant was not anonymous, but rather an identified citizen informant, I find the information provided by the informant of a "possible" robbery based upon the fact someone was outside yelling at two other people in a vehicle, is nothing more than a suspicion or hunch of criminal activity being afoot, and is insufficient to support a Terry stop. While there may be nothing in the record to demonstrate a factual basis to challenge the reliability of the information forming the basis of the stop, I find that information itself is insufficient to support a Terry stop.
 {¶ 29} The majority attempts to buttress its decision by noting the information provided during the 911 call was not unreliable in that the caller identified an S-10 vehicle at the scene, which vehicle the police observed at the exact location. This information is neutral as to any criminal activity. The fact the informant provided the description of the vehicle and its location does not, in and of itself, make him reliable nor does it serve to enhance or give further credence to support his suspicion of a "possible" robbery.[1] *Page 8 
 {¶ 30} I find there is a reasonable probability a motion to suppress may have been successful. I would vacate Appellant's conviction and sentence and remand the matter to the trial court to conduct a suppression hearing.
[1] The majority's reference to a gun being involved was elicited on cross-examination of Appellant at trial, and more significantly, any testimony as to a gun being involved appears to have originated after the stop. *Page 1